CHARLES J. SCHUCK, Judge.
Claimant, the Utilities Coal Company, is a corporation engaged in the coal mining business in Logan county, West Virginia, and as such is governed by the provisions of chapter 21A, code of West Virginia, and is obliged to contribute and pay into the West Virginia Department of unemployment compensation from time to time certain sums of money as determined by law and set out in the said chapter.
In the due course of its business and as required by the law, claimant sent to the said unemployment compensation department two certain checks, one for the month ending May 31, 1941, in the sum of $900.65 and the other for the month ending September 30, 1941, in the sum of $983.77, making a total of $1884.42 for the said two months. Both checks were payable to the West Virginia department of unemployment compensation, mailed to the aforesaid department at its offices in the capítol building, Charleston, *112 West Virginia, and received in the regular course of business by one Charles Summers, a junior auditor of the department, duly authorized to receive the checks in question and to give proper credit therefor to the claimant. Shortly after the receipt of the said checks the said Summers stole, embezzled, altered and uttered them and a period of several months elapsed before the theft, embezzlement and uttering was discovered, and thereafter the department of unemployment compensation upon numerous and divers occasions demanded of claimant that it again pay the amount of said checks, with which demands ■ claimant finally complied, and on April 23, 1946, sent to the department two checks aggregating the sum of $1884.42, said payments having been made under protest by claimant. Subsequently Summers was indicted for the theft and uttering of the checks dated May 31, 1941 and September 30, 1941, respectively, and upon a plea of guilty was sentenced to the penitentiary. Summers was and had been under bond in the amount of $2000.00 which bond was executed by the Continental Casualty Company and which company denied liability in a suit brought against it by the unemployment compensation department to recover and collect upon the bond in question.
In State v. Continental Casualty Company, 42 SE (2d) 820, the Supreme Court of our state in determining most of the issues and questions here involved, held, inter alia, that:
“The provisions of the statute having been complied with, the checks having been paid, and the proceeds of the checks having come into the custody of an employe of the department who, by virtue of his employment, was authorized to receive them, the liability of the employers to the department for the payment of the contributions in the amounts represented by the checks has been fully satisfied and discharged. Their obligations in that respect have been paid in full and any claim of the department notwithstanding its failure or refusal to credit the amounts of the checks *113 to their accounts, or its contention that the contributions have not been paid, has been legally satisfied and extinguished.”
After the department had recovered and been paid a judgment against the bonding company it applied the amount of $1643.80 to claimant, thus leaving a balance of $240.62 or the difference of the amounts of the first two checks, namely $1884.42 and the amount of $1643.80, leaving the said balance of $240.62 for which claimant asks an award at the hands of this court.
In view of all the circumstances and facts presented for our consideration we are of the opinion and so hold that there is a moral obligation devolving upon the state to return to claimant the full amount of the checks embezzled and the state having returned or applied the sum of $1643.80, the balance of $240.62 is justly due and payable to claimant. The original checks were sent in due time, mailed to the office of .the department in Charleston, were received by the proper and duly authorized officer or agent of the state as provided by law and thereafter claimant was not responsible for the fraudulent acts of the officer or agent in question. The checks were paid in due course and the state in due time having received the amount of the tax payable by claimant should now make restitution of the balance not yet paid to claimant. Claimant should not be penalized for the fraudulent acts of an authorized state agent after fully complying with the provisions of the act requiring such payment to be made and after discharging every obligation that devolved upon it.
An award in the amount of two hundred forty dollars and sixty-two cents ($240.62) is accordingly recommended in favor of the claimant.